NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3395
_____

UNITED STATES OF AMERICA

v.

JESSE HOLOVACKO,
                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 3-16-cr-00349-001)
District Judge: Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on February 6, 2019

Before: HARDIMAN, SCIRICA, and RENDELL, *Circuit Judges*

(Filed: July 22, 2019)


_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Jesse Holovacko was a financial advisor at Merrill Lynch when he arranged to transfer over $250,000 from the retirement account of a client of the firm into his own personal account. Holovacko was convicted of investment advisor fraud and six counts of wire fraud. He now challenges these convictions and requests a new trial on the basis of two allegedly erroneous evidentiary rulings by the District Court. Neither ruling, though, was an abuse of the trial court's discretion. We will affirm Holovacko's convictions.

## I.

At Merrill Lynch, Holovacko handled the account of Stanley Klimek, a former factory worker with about $600,000 in retirement savings invested with the firm. Beginning in December 2013, Holovacko facilitated eighteen transfers from Klimek's account to his own. At Holovacko's request, Klimek would move funds from his Merrill Lynch account to his personal account at another bank, and would then send the funds to Holovacko via cashier's check. Within about eight months, Holovacko received approximately $253,000 in total. Merrill Lynch detected irregularities in Klimek's account and began an internal investigation, in the course of which Holovacko admitted he had received money from Klimek for personal use. Merrill Lynch fired Holovacko in light of the investigation's findings. Holovacko was charged with six counts of wire fraud in violation of 18 U.S.C. § 1343 and one count of investment advisor fraud in violation of 15 U.S.C. §§ 80b-6, 80b-17.

At trial, Holovacko's primary defense was that Klimek had known of the transfers

and had intended to give the money to Holovacko. Holovacko and Klimek maintained an acquaintance relationship that included periodic lunches, and, Holovacko testified, financial exigency exacerbated by a gambling problem led him to seek a loan from Klimek, who was sympathetic to his plight. Had Klimek agreed to loan Holovacko the money, this arrangement would have been against Merrill Lynch policy, but it would seemingly lack elements necessary to secure a conviction under either of the two offenses with which Holovacko had been charged. *See* 18 U.S.C. § 1343; 15 U.S.C. §§ 80b-6 & 80b-17. Klimek, though, testified he was not aware the money would go to Holovacko and thought the deposits were part of Holovacko's investment strategy on his behalf.

The jury found Holovacko guilty on all seven counts. Holovacko made a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33(a) and renewed an earlier motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) on two grounds: first, that the Government had elicited inadmissible lay opinion testimony from one of Merrill Lynch's internal investigators, Jeremy Hutson, and second, that the verdict was not supported by the evidence. The District Court denied both motions. Holovacko received a sentence of thirty-seven months on each count of the indictment, with the sentences to run concurrently. Holovacko now appeals the verdict and sentences.

## II.

On appeal, Holovacko raises two alleged errors by the District Court which, he contends, should lead us to set aside the jury verdict and order a new trial. In neither

instance did the District Court abuse its discretion.[1]

## A.

First, Holovacko argues the District Court improperly allowed lay opinion testimony from Merrill Lynch internal investigator Jeremy Hutson. Holovacko argues that Hutson lacked personal knowledge supporting his stated opinion, instead relying on documents produced by third parties, and that Hutson's opinion amounted to telling the jury what result to reach. Holovacko moved for a new trial on these grounds before the District Court, and the Court found the testimony was admissible, or in the alternative, constituted harmless error. We agree with the District Court's evaluation of its own previous ruling: The Court did not abuse its discretion in allowing Hutson's testimony.[2]

The Government called witnesses including Stanley Klimek, a bank manager who witnessed Holovacko withdrawing Klimek's cashier's checks; Holovacko's supervisor at Merrill Lynch; and Hutson, who conducted the investigation of Klimek's account irregularities and questioned Holovacko. During his testimony, Hutson described his initial steps in examining the pattern of account irregularities and then said, "[i]t was pretty obvious to me that there was a misappropriation of assets." App. 367. Shortly after this statement, Holovacko's lawyer objected to the direction of the testimony, leading to a

---

[1] The District Court had subject matter jurisdiction over this case under 18 U.S.C. § 3221. We have jurisdiction under 28 U.S.C. § 1291. We review evidentiary rulings at trial for abuse of discretion. *United States v. Foster*, 891 F.3d 93, 107 n.11 (3d Cir. 2018).

[2] The Government argues Holovacko did not properly preserve the issue by making a specific objection during trial, which would mean we may only review the District Court's ruling for plain error. *United States v. Hodge*, 870 F.3d 184, 203 n.14 (3d Cir. 2017). We need not address this issue because the District Court's ruling, in any case, survives review for abuse of discretion.

discussion at sidebar. Holovacko's lawyer explained that he feared "[Hutson]'s going to render an opinion as to the ultimate issue of whether my client in fact misappropriated assets." *Id.* at 369. Holovacko's lawyer further commented, "I feel that it really impinged upon my client, a fair trial at this point, for him to render that kind of opinion, off the cuff, to the jury." *Id.* at 371. Taking Holovacko's point, the judge commented, "[W]e are approaching him being able to render some kind of opinion," but "we are early enough in your examination where we've not crossed that line." *Id.* The judge directed the Government to restructure its questioning to avoid the potential issue, and Holovacko's lawyer responded, "That would be fine." *Id.* at 372.

Opinion testimony from a lay witness is allowed when it is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge . . . " Fed. R. Evid. 701. Under the modern rules, "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). Still, "[Rule 701] is carefully designed to exclude lay opinion testimony that 'amounts to little more than choosing sides, or that merely tells a jury what result to reach.'" *United States v. Fulton*, 837 F.3d 281, 291 (3d Cir. 2016) (quoting *United States v. Stadtmauer*, 620 F.3d 238, 262 (3d Cir. 2010)).

Here, Hutson's testimony concerned his own actions and perceptions. As the District Court summarized the issue in addressing Holovacko's Rule 29 motion, "[Hutson] testified that (1) [the Internal Fraud Detection Unit]'s alert prompted [Hutson's] investigation; (2) [Hutson] personally reviewed the activity for himself; (3)

5

[Hutson] subsequently asked cyber forensics for assistance; and (4) [Hutson] personally researched the accounts again before concluding that misappropriation of assets had occurred." *United States v. Holovacko*, No. 16-349 (MAS), 2017 WL 3184175, at *4 (D.N.J. July 26, 2017). Although some of Hutson's perceptions involved his analysis of records produced by others, that analytic process remains his own personal knowledge, and Hutson confined his testimony to what he personally perceived and concluded. In developing an opinion, "[i]t is logical that . . . [the witness] may incorporate documents that were prepared by others, while still possessing the requisite personal knowledge or foundation to render his lay opinion admissible under Fed. R. Evid. 701." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1175 (3d Cir. 1993) (quoting *Lightning Lube, Inc. v. Witco*, 802 F.Supp. 1180, 1193 (D.N.J. 1992) (internal quotation marks omitted) (alteration in original)); *see also, e.g.*, *Teen-Ed, Inc. v. Kimball Int'l, Inc.*, 620 F.2d 399, 403 (3d Cir. 1980) (discussing lay opinion testimony about business operations).

Nor did Hutson provide unhelpful testimony amounting merely to "choosing up sides," supporting one party's position over the other's where the jury was in an equally good position to draw its own inferences. *Stadtmauer*, 620 F.3d at 264 (quoting *United States v. Rea*, 958 F.2d 1206, 1215–16 (2d Cir. 1992)). On the contrary, Hutson, having investigated Klimek's and Holovacko's accounts according to his typical practice, provided an informed inference that the patterns Hutson observed demonstrated a likely misappropriation of assets.[3]

---

[3] Holovacko also argues, "[p]arenthetically," that the Government did not make a motion to include Hutson's testimony regarding misappropriation, moving only to permit

Even if Hutson's statement had been inadmissible, though, we would not grant Holovacko a new trial because the purported error was harmless. *See United States v. Copple*, 24 F.3d 535, 546 (3d Cir. 1994) (stating that we need not reverse a trial error if it was harmless and that a "[t]rial error is harmless if it is highly probably that [it] did not affect the judgment"). We agree with the District Court's finding that "it is highly improbable that the purportedly impermissible testimony prejudiced [Holovacko]." *Holovacko*, 2017 WL 3184175, at *4. Hutson's contested testimony was brief, and the Government did not mention it in its closing statement. *See United v. Anderskow*, 88 F.3d 245, 251 (3d Cir. 2006) (holding that the district court's error in admitting certain witness testimony because other evidence was "overwhelming" and the government did not reference that testimony in its closing argument). Moreover, we agree with the District Court that the evidence against Holovacko was overwhelming, including Holovacko's own admissions, testimony from Klimek, and testimony from another Merrill Lynch witness in addition to Hutson. We therefore will not vacate the jury's verdict on this basis.

**B.**

Second, Holovacko argues the Government had an obligation to obtain Merrill

---

questions about "structuring" of deposits. Appellant Br. 13. This suggestion is puzzling. The Government moved to include the structuring testimony because, since that activity took place after the actual taking of the money and was introduced to demonstrate motive, a pretrial motion was potentially required under Federal Rule of Evidence 404(b)(2)(A), which limits the use of evidence of criminal or immoral acts other than the crime prosecuted. Holovacko does not explain why the same concern (or any other) would apply to testimony regarding misappropriation, why curative jury instructions would have been necessary, or why the failure to give them should be considered error.

Lynch's full investigation file regarding Holovacko and provide it to Holovacko prior to trial. Prior to trial, Holovacko made several discovery motions, including one to compel discovery of Merrill Lynch's entire file on the investigation. The District Court denied the motion on the grounds that the Government stated it had already produced all the Merrill Lynch documents in its possession, and the Court found no basis to compel it to produce documents outside its possession. After the close of Holovacko's case, the Government presented Holovacko with 122 pages of new documents from Holovacko's Merrill Lynch personnel file, which it believed could demonstrate that Holovacko's testimony regarding his deferred compensation plan had been untruthful. In court the next day, Holovacko's lawyer made "a very strenuous objection to the proposed introduction of some of these documents." App. 530. In response, the Government agreed it would not seek to introduce the documents and would not put on a rebuttal case. The Government's lawyer said, "I would just hope that [Holovacko's lawyer] would agree that the issue is moot if we do not put on a rebuttal case." *Id.* at 532. Holovacko's lawyer responded, "I do recognize, your Honor, thank you." *Id.* at 533.

Holovacko now contends his right to a fair trial was prejudiced because he did not receive these documents earlier in the trial. Had Holovacko possessed these documents at the time of Klimek's testimony, he argues he would have used them to challenge the Government's portrayal of Klimek as an unsophisticated investor because the documents indicated Klimek had significant assets in addition to his Merrill Lynch retirement

8

account. Appellant's Br. 19.[4]

The Government was required to produce the Merrill Lynch documents in its possession in accordance with its Due Process obligations. *See Giglio v. United States*, 405 U.S. 150, 154 (1972); *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The Government asserted in court, and maintains now, that it produced all the Merrill Lynch documents it had before trial and continued to produce additional documents the Government obtained at the time the Government obtained them. Appellee's Br. 18. Holovacko gives no reason to doubt this is correct.

Holovacko also points to decisions holding that, in rare cases, the Government may be required to produce documents held by a third party. *See*, *e.g.*, *United States v. Risha*, 445 F.3d 298 (3d Cir. 2006). Where a third party, especially a related branch of government, has worked very closely with law enforcement to assist with the investigation, prosecutors may sometimes be considered to have constructive possession of evidence held by the third party. *Id.* at 304. This is not such a case. *Risha*, which involved a federal prosecution in which state prosecutors had supported the federal investigation and held key information never disclosed to the defendant, identified three factors determining whether prosecutors have constructive possession of evidence held by a third party: "(1) whether the party with knowledge of the information is acting on the government's 'behalf' or is under its 'control'; (2) the extent to which state and

---

[4] The Government argues Holovacko abandoned this claim. Appellees' Br. 18. Because we find the District Court's ruling survives review for abuse of discretion, we need not address this issue.

federal governments are part of a 'team,' are participating in a 'joint investigation' or are sharing resources; and (3) whether the entity charged with constructive possession has 'ready access' to the evidence." *Id.*

Here, Merrill Lynch could not have acted on the Government's behalf or as part of a team with the Government during its investigation of Holovacko, because Merrill Lynch's investigation was already completed by the time the Government's began. Affidavit of Jeremy Hutson, *Holovacko*, 2017 WL 3184715 (No. 16-349), ECF No. 29. And while Holovacko notes the Government was able to obtain 122 pages of additional documents from Merrill Lynch on relatively short notice, nothing in the record indicates the Government could have requested Merrill Lynch produce every document it possessed relating to Holovacko's employment and its investigation of him. It would be particularly unusual to find prosecutors in constructive possession of evidence held by Merrill Lynch, a private party, since private parties' interests in this context "are often far from identical to—or even congruent with—the government's interests." *United States v. Joselyn*, 206 F.3d 144, 154 (1st Cir. 2000). The District Court therefore did not abuse its discretion in refusing to compel production of Merrill Lynch's full investigative file or in its approach to the Government's late production of additional discovery.

## III.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.